Brett W. Johnson, Bar No. 205988
bwjohnson@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlagel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Plaintiff
Veritas Global Protection Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERITAS GLOBAL PROTECTION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GGL PROJECTS, INC., also d/b/a SITEJABBER, and DOES 1 – 100, inclusive, <br><br> Defendant. | Case No. 3:25-cv-09532-TLT <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:    February 5, 2026 <br> Time:    2:00 p.m. <br> Dept:    Via Zoom |

In accordance with the Court's Initial Case Management Scheduling Order [ECF No. 6] and Civil Local Rule 16-9(a), Plaintiff Veritas Global Protection Services, Inc. ("Veritas") and Defendant GGL Projects, Inc., d/b/a Sitejabber ("Sitejabber") (jointly, the "Parties"), by and through their undersigned counsel, submit this Joint Case Management Statement.

## I.      JURISDICTION AND SERVICE

Subject matter jurisdiction exists under 28 U.S.C. § 1331 because Veritas' claims arise in part under the Lanham Act, 15 U.S.C. § 1125(a). Supplement jurisdiction exists under 28 U.S.C. § 1367(a) over Veritas' state-law claims because they arise from the same case or controversy as Veritas' federal law claim. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332

4898-2502-3609
4898-2502-3609

because there is complete diversity of citizenship between Veritas and Sitejabber and the amount of controversy exceeds $75,000, exclusive of interest and costs.

Personal jurisdiction is proper in the Northern District because Sitejabber has its principal place of business in this District, purposefully directs its conduct here, and publishes the challenged statements to California residents from this District. Venue is likewise proper under 28 U.S.C. § 1391(b)(1)–(2) because a substantial part of the events or omissions giving rise to Veritas' claims occurred in the Northern District and Sitejabber "resides" in this District within the meaning of 28 U.S.C. § 1391(c)(2).

## II.    FACTS

### A.    Veritas' Position

Veritas is a leading administrator of vehicle service contracts and related Finance and Insurance ("F&I") products, serving over 289,000 customers distributed through a network of over 5,000 dealerships worldwide. Veritas processes thousands of claims monthly and pays millions of dollars in payouts, maintaining an industry-leading complaint ratio of less than 0.05%. Sitejabber operates an online business review platform and markets itself as a trusted, unbiased resource and official Google Review Parter, claiming it is equipped with AI-based moderation and multi-layer review validation.

On or about January 2022, Sitejabber created a Veritas profile. Beginning in late 2023 or early 2024, Sitejabber affixed to Veritas' profile a prominent banner stating that Veritas' profile has been "flagged for suspicious review activity" and that "many of the reviews look fake." Sitejabber's banner claimed it was investigating the issue and removing fake reviews. Sitejabber also published an AI-generated summary of Veritas' purported customer reviews falsely asserting that Veritas' reputation is "significantly marred by widespread customer dissatisfaction" and that positive comments are "overshadowed by the prevailing sentiment of distrust and disappointment."

The Sitejabber-authored summary on Veritas's profile is false, deceptive, and defamatory. On information and belief, from November 7, 2023, until Sitejabber removed Veritas's profile

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

- 2 -

after the Complaint in this action was filed, Sitejabber blocked legitimate positive-star reviews from publication while allowing negative-star reviews to post. A controlled test conducted on March 6, 2025, demonstrated that an otherwise identical positive five-star review was suppressed while the one-star version—with the same text—was published immediately. Sitejabber offers enhanced moderation and reputation tools to paying businesses and, on information and belief, subjects non-paying businesses like Veritas to disparate treatment that artificially deflates their reputations. Sitejabber's conduct caused substantial harm to Veritas, including loss of prospective customers and a decline in sales and business opportunities.

### B.      Sitejabber's Position

Sitejabber operates an online consumer review platform that, among other services, offers businesses free tools to solicit and collect customer feedback in the form of reviews that may be published on Sitejabber's website. Sitejabber encourages the use of these tools to generate authentic reviews that are attributable to real customers. All reviews submitted to Sitejabber are subject to automated and manual moderation processes designed to promote the integrity of the platform, including review of indicators suggesting inauthentic or outsourced content, such as the use of international content farms.

In this action, Veritas challenges certain content appearing on its Sitejabber profile, including a statement indicating that "many of the reviews look fake" (the "Banner"). The Banner was displayed after Sitejabber's moderation systems flagged Veritas's reviews and the moderation team confirmed that the reviews originated from suspicious email addresses. Veritas did not contact Sitejabber to dispute or inquire about the Banner, nor did it raise any concerns with Sitejabber prior to initiating this lawsuit. Upon service of the complaint, Sitejabber promptly removed Veritas' profile from the platform.

Accordingly, this action lacks merit and unnecessarily expends judicial resources. Sitejabber denies all liability and wrongdoing alleged in the complaint.

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

## III.   LEGAL ISSUES

### A.   Veritas' Position

The legal issues in this case include, without limitation, the following: (1) Whether Sitejabber's banner, AI summary, and marketing statements constitute "commercial advertising or promotion" within the meaning of the Lanham Act; (2) Whether the above-referenced statements are false or misleading and likely to deceive consumers; (3) Whether Sitejabber's curation and suppression of positive reviews violates the Lanham Act by materially distorting Veritas's reputation; (4) Whether Sitejabber's conduct violates California's False Advertising Law and Unfair competition law; (5) Whether Sitejabber's disparate treatment of non-paying businesses constitutes an unfair business practice; (6) Whether Sitejabber's representations regarding "real, unbiased reviews" are likely to deceive reasonable consumers into believing that Veritas' customer base is overwhelmingly dissatisfied; and (7) Whether Veritas is entitled to injunctive relief requiring Sitejabber to remove the banner and AI summary, publish suppressed positive reviews, cease misrepresenting review integrity, and comply with the FTC order; and Veritas's damages.

### B.   Sitejabber's Position

In addition to the issues identified by Veritas, the following legal issues are presented in this action: (a) whether Veritas suffered any legally cognizable injury as a result of the alleged conduct; and (b) whether the Banner or other conduct challenged by Veritas is protected or otherwise privileged under the First Amendment.

## IV.   MOTIONS

### A.   Veritas' Position

No motions are pending. Veritas anticipates filing a motion for summary judgement after fact discovery is complete.

### B.   Sitejabber's Position

Sitejabber anticipates filing a motion for summary judgement after fact discovery is complete.

- 4 -

## V.   AMENDMENT OF PLEADINGS

The parties do not intend to amend their pleadings but reserve the right to seek leave to do so. The parties propose March 6, 2026, as the deadline to amend the pleadings.

## VI.   EVIDENCE PRESERVATION

### A.   Veritas' Position

Veritas certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). In accordance with Rule 26 of the Federal Rules of Civil Procedure, the Parties met and conferred on January 14, 2026, regarding reasonable and proportionate steps taken to preserve relevant evidence.

### B.   Sitejabber's Position

Sitejabber certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). In accordance with Rule 26 of the Federal Rules of Civil Procedure, the Parties met and conferred on January 14, 2026, regarding reasonable and proportionate steps taken to preserve relevant evidence.

## VII.   DISCLOSURES

The Parties exchanged initial disclosures on January 29, 2026.

## VIII.   DISCOVERY

### A.   Veritas' Position

The only discovery taken to date is the exchange of initial disclosures. Veritas anticipates serving discovery consistent with the Federal Rules of Civil Procedure, including but not limited to the following issues: Sitejabber's review and rating practices; moderation tools and criteria; the design and operation of the AI-generated summaries; policies regarding paid versus non-paid business accounts; the suppression of positive reviews; and communications with Google and other distribution partners.

The Parties agree to service by email for all discovery. Currently, there are no identifiable discovery disputes.

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

**B.    Sitejabber's Position**

Sitejabber anticipates serving discovery consistent with the Federal Rules of Civil Procedure, including but not limited to the following issues: Veritas' claimed damages; Veritas' submissions to the Sitejabber platform.

**IX.    RELATED CASES**

There are no related cases.

**X.    RELIEF**

**A.    Veritas' Position**

Veritas seeks compensatory and special damages to compensate Veritas for the lost business and reputational harm caused by Sitejabber. Veritas further seeks statutory and treble damages under the Lanham Act and restitution under both the Unfair Competition Law and False Advertising Law. Veritas also seeks a permanent injunction and reasonable attorneys' fees and costs.

**B.    Sitejabber's Position**

Sitejabber seeks a judgment that Veritas take nothing under this action, and for an award of reasonable attorneys' fees and costs.

**XI.    SETTLEMENT AND ADR**

The Parties are actively engaged in settlement discussions. Pursuant to ADR L.R. 3-5, the Parties met and conferred on January 14, 2026, to discuss the available ADR processes. The Parties request that if the current discussions do not result in settlement, the Parties engage in a Settlement Conference with a Magistrate Judge. The Parties reserve the right to engage in private mediation if the Settlement Conference is unsuccessful. The Parties request that the Settlement Conference take place on or before June 19, 2026.

**XII.    OTHER REFERENCES**

None.

**XIII.    NARROWING OF ISSUES.**

The Parties are unable to narrow any issues by stipulation at this time. The Parties believe it is premature for them to determine which material facts or legal issues in the case will be resolved

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

by stipulation, but the Parties will continue to consider whether the issues in dispute can be further narrowed through stipulations or other potential procedures.

## XIV.  SCHEDULING

### A.   Joint Position

| | | | |
|---|---|---|---|
| 1. | Trial Date | July 13, 2027<br>No. of Days: 5<br>Jury Trial | |
| 2. | Final Pretrial Conference: | June 3, 2027<br>Joint Pretrial Statement (including motions in limine, jury instructions, and objections): April 22, 2027 | |
| 3. | Dispositive and Daubert Motions: | Last day to file dispositive motions: January 15, 2027<br>Last day to be heard: March 23, 2027 | |
| 4. | Expert Discovery Cut-Off: | January 8, 2027 | |
| 5. | Expert Reports: | Opening reports by November 13, 2026<br>Rebuttal reports by December 18, 2026 | |
| 6. | Fact Discovery Cut-Off: | December 4, 2026 | |
| 7. | ADR: | Settlement Conference with MJ by June 19, 2026 | |
| 8. | Last Day to Amend Pleadings: | March 6, 2026 | |

## XV.  TRIAL

### A.   Veritas' Position

Veritas demands a jury trial on all triable issues. Veritas currently estimates a trial length of approximately 5 days. Following the jury trial, Veritas requests the Court determine the equitable issues.

### B.   Sitejabber's Position

Sitejabber demands a jury trial on all triable issues, and currently estimates a trial length

- 7 -

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

of approximately 5 days.

## XVI.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A.    Veritas' Position

Veritas filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF No. 4. There are no persons, firms, partnerships, corporations (including parent corporations), or other entities other than the Parties known to have a financial or other kind of interest that could be substantially affected by the outcome of the proceeding.

### B.    Sitejabber's Position

Sitejabber filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF No. 15. There are no persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties known to have a financial or other kind of interest that could be substantially affected by the outcome of the proceeding.

## XVII.  PROFESSIONAL CONDUCT

### A.    Veritas' Position

Veritas' counsel reviewed the Guidelines for Professional Conduct for the Northern District of California.

### B.    Sitejabber's Position

Sitejabber's counsel reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 29, 2026                             SNELL & WILMER L.L.P.


                                                    By: */s/ Cameron J. Schlagel*
                                                        Brett W. Johnson
                                                        Colin R. Higgins
                                                        Cameron J. Schlagel

                                                        Attorneys for Plaintiff
                                                        Veritas Global Protection Services, Inc.

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

Dated: January 29, 2026                                    LEXANALYTICA P.C.

By: */s/ Perry J. Narancic*
Perry J. Narancic

Attorneys for Defendant
GGL Projects, Inc.

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

**ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Rule 5.1(i)(3), the undersigned hereby attests that all signatories listed above, and whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: January 29, 2026                    SNELL & WILMER L.L.P.


                                           By: */s/ Cameron J. Schlagel*
                                           Brett W. Johnson
                                           Colin R. Higgins
                                           Cameron J. Schlagel

                                           Attorneys for Plaintiff
                                           Veritas Global Protection Services, Inc.

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

4898-2502-3609
4898-2502-3609

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2026, a true and correct copy of the foregoing **JOINT CASE MANAGEMENT STATEMENT** was filed electronically with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-referenced proceeding.

*/s/ Deanna Kunz*

JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:25-CV-09532-TLT

- 11 -

4898-2502-3609
4898-2502-3609